VERNON et al. v. GILBERT et al.

(Supreme Court, Appellate Term. December 28, 1899.)

LANDLORD AND TENANT—LEASES—TERMINATION.
    Since a memorandum for a verbal lease, providing that it should be, from February 1st, a "monthly lease" of half of a loft, was not a lease for years, but a special agreement for a tenancy by the month, and therefore for a definite term, 2 Rev. St. (9th Ed.) p. 1818, § 1, declaring that agreements for occupation of tenements in New York City which do not particularly specify the duration of such occupation shall be deemed valid until the 1st day of May next after possession under such agreement shall commence, does not apply, and the landlord was entitled to terminate the lease at the end of any monthly period.

Appeal from municipal court, borough of Manhattan, Second district.

Dispossess proceedings by Harold Vernon and another, trustees, etc., against Louis Gilbert and another. From a judgment of the Manhattan municipal court in favor of defendants, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Douglass & Minton, for appellants.
Elisha W. McGuire, for respondents.

MacLEAN, J. In this proceeding to dispossess, the landlords, by verified petition, alleged the making of an agreement on or about January 12, 1899, with tenant Gilbert, for the letting of certain premises to him, as a monthly lessee, and that he entered into occupa-

tion under said agreement, and introduced in evidence the following writing:

"From February 1st, monthly lease of ½ top loft, with elevator service as at present, heat and same power as at present, at $800 per annum, payable monthly in advance on first of each month, or $66.66 on first of each month, giving to owner or tenant right to pass through to front of loft from elevator, and giving owner privilege to rent enough space for desk room to Lowenson. Rent for last half of January, $10.

"January 12, 1899.

"This is a memorandum of verbal lease.                    Estate of T. Vernon,
                                                                              "H. V.

"[Stamp.]                                                        L. Gilbert."

Subsequently, and on or about September 21, 1899, the landlords notified the tenant of their election to terminate the tenancy at the end of the following month of October. The tenant, admitting by not denying the agreement set forth in the petition, by verified answer alleged an oral lease of the premises from May 1, 1899, to April 30, 1900, at $800, payable monthly in advance, but offered no evidence in its support. The trial justice seemingly regarded the letting as a yearly one; and under the doctrine stated in Douglass v. Seiferd, 18 Misc. Rep. 188, 191, 41 N. Y. Supp. 289, there might be force in such conclusion, had the parties in their agreement not used the expression "monthly lease," which words may not be disregarded or construed as needless. The entire writing evinces a special agreement for tenancy by the month, and so for a term definite, to which the statute (2 Rev. St. [9th Ed.] p. 1818, § 1) has no application. The judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.